IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| LARRY D. BROWN, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 10cv134 EJM |
| vs. | ) | ORDER |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability and supplemental security income benefits. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Claiming an onset date of February 4, 2007, plaintiff alleges disability due to multiple impairments. He asserts the Administrative Law Judge (ALJ) erred in finding alcoholism to be a material factor contributing to disability, and erred in evaluating ARNP Bradley's opinion that his alcoholism was not a material factor contributing to disability. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so

that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe combination of impairments include chronic obstructive pulmonary disease, degenerative disc disease of the lumbar spine, history of cerebral palsy affecting the left leg, depression, and polysubstance abuse. The ALJ found that if all impairments including alcoholism are considered, plaintiff is disabled, but found further found that without considering the effects of plaintiff's alcoholism, he retained the residual functional capacity to engage in substantial gainful activity.

Upon review of the record as a whole, the court concludes that the ALJ permissibly found plaintiff's alcoholism to be a material factor contributing to disability, and further appropriately discounted the views of ARNP Bradley. The ALJ properly observed that the treatment record identified multiple periods of relapse as well as minimizing continued substance abuse, that each time plaintiff became sober/clean, symptoms stabilized, and that the record shows loss of functional abilities due to continued substance abuse, as set forth in the ALJ's discussion. The ALJ considered ARNP Bradley's views in accordance with the appropriate standards, and for the reasons set forth in her decision including the clear loss of function due to continued substance abuse, permissibly discounted ARNP Bradley's opinion that mental illness and health issues were not a direct result of substance abuse issues.

Accordingly, and without minimizing the seriousness of plaintiff's impairments, the court finds the Commissioner's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

June 30, 2011.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT